(No. 2315—

I. L. ELMENDORF, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 30, 1935.*

FRANK R. EAGLETON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein seeks a general award as compensation for injuries received while an employee of the State of Illinois. In his complaint he recites that on March 22, 1931, while driving his motorcycle as a Highway Maintenance Policeman while in the discharge of his duties, he had an accident in which he suffered a compound fracture of the right leg, scalp lacerations and other injuries incident thereto; that he was temporarily totally disabled and incurred partial permanent loss of use of his right leg; that his medical and hospital bills amounted to Three Hundred Fifteen and 75/100 Dollars ($315.75) which have not been paid by the State nor any other party. Attached to the original complaint appears a bill of E. W. Telford of DeKalb, Illinois showing the reduction of the fracture on March 22, 1931, and one month's after care— $100.00; also $25.00 for an anesthetic; $13.00 for removing cast on May 4, 1931 and $93.00 for thirty-one office visits from May 8th to September 19th, 1931, inclusive, at $3.00 each, making a total bill of $231.00. This bill bears the Highway

Police Stamp and O. K. and is marked and receipted by Dr. E. W. Telford as having been paid on November 17, 1931.

Also attached to the claim is a bill for $84.75 by the DeKalb Public Hospital for services rendered I. L. Elmendorf. This bill also bears the highway police officer's stamp and O. K. and is marked and receipted by the DeKalb Public Hospital as paid on November 17, 1931.

The claim was filed on January 16, 1934 and the Attorney General has filed a motion to dismiss the claim because it does not show that any claim for compensation was made within six months from the date of the injury or that any claim for compensation was filed within one year from such date, or from the date of the last payment of compensation, as required by Section 24 of the Workmen's Compensation Act.

Counsel for claimant contends that, even though no compensation for injuries is allowed, claimant is nevertheless entitled to an award in the sum of Three Hundred Fifteen and 75/100 Dollars ($315.75) for medical bills incurred by plaintiff as a result of this accident. Plaintiff contends that a claim for the allowance of these bills can be filed at any time within the period of the Court of Claims Five-year Limitation Statute, and that the six months and one year limitations fixed by Section 24 of the Workmen's Compensation Act do not apply to claims for medical and hospital services.

Counsel cites the case of *Newman* vs. *Industrial Commission* 353 Ill. at page 196. Although in that case the court inadvertently quoted the law as it previously existed and said that the furnishing of medical and hospital services must be regarded as the payment of compensation under the Act, it is clearly the law and so accepted that the furnishing of such service is not an admission of liability, upon which a future claim for compensation can be based. Counsel states that "The only reason for filing the medical and hospital bills by claimant was because they were so numerous that it would have been useless for each individual to file for the small amount each would have been entitled to." This is not supported by the record, as there are only two bills and both of them appear to have been paid within eight months after the accident.

No compliance having been made with Section 24 of the Workmen's Compensation Act there can be no award for dis-

ability compensation. No authority is cited, however, by the Attorney General in support of the contention that the limitations of time contained in Section 24 shall apply to claims for payment of necessary first-aid medical and surgical services, the furnishing of which under Section 8-A of the Workmen's Compensation Act is specifically provided "shall not be construed as the payment of compensation."

The proof supports an award in reimbursement of the amount expended for medical and hospital bills as set forth in the bill of particulars herein, and an award is accordingly allowed in favor of I. L. Elmendorf in the sum of Three Hundred Fifteen and 75/100 Dollars ($315.75) in full payment of medical and hospital services rendered to plaintiff for the accident in question.